FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 OCT 15 PM 5: 19
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONIO LIBURD, | * | |
| Petitioner, | * | |
| v. | * | Criminal Case No. ELH-11-0377 (Related Civil No. ELH-18-952) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM

On April 3, 2018, Petitioner Antonio Liburd filed a motion to vacate pursuant to 28 U.S.C. § 2255. ECF 20 ("Motion"). The government filed an opposition asserting, *inter alia*, that the motion is time-barred. ECF 29. Petitioner has filed a response (ECF 30), as well as a "Motion For Leave To Proceed." ECF 34; ECF 35.[1] He asserts, *inter alia*, that, in light of the Supreme Court's recent decision in *Rosales-Mireles v. United States*, ___ U.S. ___, 138 S. Ct. 1897 (2018), this court should reach the merits of his Motion.

No hearing is necessary to decide this case. For the reasons stated below, the Motion must be dismissed as untimely.

### I. Background

On July 13, 2011, Liburd was charged in an Information alleging that on or about March 25, 2011, he possessed with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). ECF 1. Liburd had his initial appearance and arraignment on July 29, 2011, at which time he entered a plea of guilty pursuant to a plea agreement. ECF 8; ECF 12 (Plea Agreement). In the Plea Agreement, the parties agreed that Liburd qualified as a career offender. ECF 12, ¶ 6. The plea was entered under Fed. R. Crim. P. 11(c)(1)(C), calling for a sentence of 151 months'

---

[1] ECF 34 and ECF 35 appear to be identical.

incarceration.

Liburd requested to proceed to sentencing immediately following the Rule 11 hearing. *See* ECF 25 (Rule 11 Transcript) at 30. However, the court ordered a Presentence Report ("PSR") and issued an expedited sentencing order. ECF 14.[2]

Sentencing was held on September 30, 2011. ECF 17. At sentencing, the court determined that Liburd was a career offender. ECF 27 (Sentencing Transcript) at 4. Liburd's sentencing guidelines range called for a period of imprisonment ranging from 151 to 181 months. ECF 19. In accordance with the C plea, Liburd was sentenced to 151 months' incarceration. ECF 18 (Judgment). He did not appeal his conviction or his sentence.

As noted, on April 3, 2018, Liburd filed his Motion, pursuant to 28 U.S.C. § 2255. ECF 20. He alleges that his attorney was ineffective for failing to challenge a two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1) "for possession of a weapon in furtherance of a crime." *Id.* at 1; *see id.* at 3. Liburd also asserts that his sentence "is procedurally and substantively in violation of his Fifth, Sixth and Fourteenth Amendment rights." *Id.* at 2-3. And, he seems to challenge his career offender designation. *Id.* at 2.

This court issued an Order directing the government to respond to the § 2255 motion. ECF 21. The government filed an opposition (ECF 29), arguing, *inter alia*, that the Motion is barred by limitations and equitable tolling does not apply. Therefore, on June 25, 2018, the Court directed Liburd to provide grounds for his entitlement to equitable tolling. ECF 30.

Liburd responded. ECF 33. In his response, he challenged the two-level increase to his offense level under § 2D1.1(b)(1), in regard to the recovery of a firearm at his child's residence. *Id.* at 1. Then, he filed a "Motion For Leave To Proceed." ECF 34. The same submission was

---

[2] For unknown reasons, the PSR was not docketed. Therefore, I have asked the Clerk to docket a copy of it. *See* ECF 36.

2

docketed again at ECF 35.

As a threshold matter, the court will consider the timeliness of the Motion under 28 U.S.C. § 2255.

## II. Standard of Review

Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitation applies to a motion under this section. Under the provisions of 28 U.S.C. § 2255(f), the limitation period of one year runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Notably, however, "the one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). But, to be entitled to equitable tolling, Liburd must establish either that some wrongful conduct by respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay. *See Harris*, 209 F.3d at 330. Generally, the petitioner must show that he has been diligently pursuing his rights and some extraordinary circumstance prevented him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

3

### III. Discussion

The criminal judgment was entered on September 30, 2011. ECF 18. As noted, Liburd did not file an appeal. The one-year statute of limitations set out under 28 U.S.C. § 2255(f)(1) began to run on that date. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where no appeal taken, statute of limitations begins to run on date the court entered the judgment of conviction). Therefore, Liburd had until September 30, 2012, to file a timely motion to vacate. He did not do so.

Notably, Liburd has not alleged any basis for equitable tolling of the filing deadline. As the government notes, there is no indication that Liburd diligently pursued his rights, particularly given that the facts underlying his claims were known at the time of his sentencing. *See* ECF 29 at 4.

Liburd contends that his claims are "squarely" governed by *Rosales-Mireles*, 138 S. Ct. 1897 (2018). *See* ECF 34 at 2. He is mistaken. That case was decided more than two months after Liburd filed his Motion.

In *Rosales-Mireles*, the Court recognized that, ordinarily, "a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Id.* at 1911. Fed. R. Crim. P. 52(b) permits correction of the error when certain conditions are met. *Id.* at 1904-05. But, the Court did not establish a new rule that applies retroactively to collateral actions under § 2255. *See* § 2255(f)(3) ("...if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

In any event, the Court is unaware of any error in the Guidelines calculation. The Presentence Report (ECF 36) reflects that the career designation was accurate. Moreover, the

4

Statement of Facts in the Plea Agreement (ECF 12 at 10), to which Liburd agreed, reflects that he told law enforcement that he had a gun at the home where the mother of his child lived. A search was conducted and the gun was recovered. ECF 12 at 10. And, in actuality, the two-level enhancement for the gun had no effect on Liburd's guidelines calculation, because of the career offender designation.

Liburd's Motion is subject to dismissal as untimely.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[3] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. at 773. Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

As indicated, a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Petitioner has not made a substantial showing of the denial of his constitutional rights, I decline to issue a COA.

---

[3] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.

5

An Order follows.

October 15, 2018  /s/
Date  Ellen L. Hollander
 United States District Judge